IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VERNON T. TRENTON, #03071-025, | ) ) |
| Petitioner, | ) ) |
| vs. | ) CIVIL NO. 04-4080-GPM ) |
| UNITED STATES OF AMERICA, | ) CRIMINAL NO. 01-40079-GPM ) |
| Respondent. | ) ) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

On April 26, 2004, Vernon Trenton filed the instant motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Doc. 1). Trenton filed exhibits in support of the motion on May 6, 2004 (Doc. 2), and he was later granted leave to supplement his motion (*see* Doc. 7) and to amend it (*see* Doc. 11). The Government responded to the motion on July 19, 2005 (Doc. 12), and Trenton filed a reply on August 12, 2005 (Doc. 13).

Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts,

> If [a 2255] motion has not been dismissed at a previous stage in the proceeding, the judge, after the answer is filed and any transcripts or records of prior court actions in the matter are in his possession, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates.

The Seventh Circuit has noted that "[n]o hearing is required in a section 2255 proceeding if the motion raises no cognizable claim, if the allegations in the motion are unreasonably vague,

conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court." *Oliver v. United States*, 961 F.2d 1339, 1343 n.5 (7th Cir. 1992), *citing United States v. Frye*, 738 F.2d 196 (7th Cir. 1984). In this case, the Court finds that the factual matters raised by the motion may be resolved on the record, and the motion raises no cognizable claim. Accordingly, the Court will resolve the motion without a hearing.

## BACKGROUND

The Government's lengthy and thorough response sets forth the procedural and factual background underlying the conviction and sentence in this case. This Court is familiar with the extensive background and will repeat the facts only where necessary.

A federal grand jury in Benton, Illinois, returned a one count indictment charging Trenton with conspiracy to distribute and possess with intent to distribute crack cocaine, in violation of Title 21 U.S.C. §§ 841(a)(1) and 846. On February 20, 2002, a superseding indictment added two counts: conspiracy to possess crack cocaine after previously having been convicted of distribution of crack cocaine, in violation of Title 21, United States Code, §§ 844(a) and 846 (Count 2), and use of a firearm during a drug trafficking offense, in violation of Title 18, United States Code, §§ 924(c)(1)(A) and 2 (Count 3). Count 1 of the superseding indictment again charged conspiracy to distribute and possess with intent to distribute crack cocaine, in violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(C), and 846. On February 26, 2002, the Government filed an Information pursuant to 21 U.S.C. § 851.

The undersigned District Judge presided over the jury trial of this matter from February 26, 2002 to February 28, 2002. The jury found Trenton guilty of all three counts of the indictment and returned a special verdict finding that the amount of crack cocaine was 5 grams or more but not 50

grams or more (*see* Docs. 44-48 in Cause No. 01-40079-GPM).

At a sentencing hearing on August 14, 2002, the Court sentenced Trenton to concurrent terms of imprisonment of 293 months on Count 1 and 240 months on Count 2, and a consecutive term of 120 months imprisonment on Count 3 (*see* Doc. 69 in Cause No. 01-40079-GPM). Trenton filed an immediate appeal (*see* Doc. 132 in Cause No. 01-40079-GPM).

Appellate counsel moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). In his brief, appellate counsel addressed many issues but concluded that there were no non-frivolous issues to be pursued on appeal. After Trenton failed to respond to the Seventh Circuit's invitation for his response, appellate counsel's request to withdraw was granted and the appeal was dismissed. *See United States v. Trenton*, 67 Fed. Appx. 932 (7th Cir. 2003).

Trenton argues that his sentence should be vacated, set aside, or corrected because both trial and appellate counsel were ineffective, and he was the victim of prosecutorial misconduct and vindictive prosecution. In his supplemental filings (Docs. 4, 5), he also argues that his conviction is invalid in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

## ANALYSIS

Title 28, United States Code, Section 2255 provides that "[a] prisoner in custody under sentence of the court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." Thus, collateral relief is available to Trenton only if any legal error in his conviction is "jurisdictional, constitutional, or is

a fundamental defect which inherently results in a complete miscarriage of justice." *Oliver*, 961 F.2d at 1341, *quoting Haase v. United States*, 800 F.2d 123, 126 (7th Cir. 1986). In other words, a Section 2255 motion does not serve as a substitute for a direct appeal.

There are three types of issues that cannot be raised in a motion brought pursuant to Section 2255: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, absent a showing of either good cause for the procedural default and actual prejudice stemming from the alleged error, or that the district court's failure to consider the issue would result in a fundamental miscarriage of justice. *See McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996); *Degaglia v. United States*, 7 F.3d 609, 611 (7th Cir. 1993); *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *reversed on other grounds*, *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994).

The United States Supreme Court has held that ineffective assistance of counsel may constitute cause for a procedural default, but "[s]o long as a petitioner is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington*, there is no inequity in requiring him to bear the risks of attorney error that results in a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488 (1986), *citing Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove "prejudice," Trenton must show "not merely that the errors … created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial [or appeal] with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

The United States Supreme Court has held that a defendant can raise a claim for ineffective

assistance of counsel in a collateral proceeding even though he could have, but did not, raise the claim on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 508-509 (2003). To establish a claim of ineffective assistance of counsel, Trenton must show that his counsel's "performance was deficient, which means that counsel's errors were so serious that they deprived [him] of 'counsel' within the meaning of the Sixth Amendment, and that the deficient performance prejudiced him, which means that counsel's errors were so serious that they deprived him of a fair trial with reliable results." *Mahafey v. Schomig*, 294 F.3d 907, 918 (7th Cir. 2002), *citing Strickland*, 466 U.S. at 687. The Seventh Circuit has noted that "[r]egardless of when it is made, because counsel is presumed effective, a party bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995).

Trenton alleges numerous errors by trial counsel. The Court need not go through each of those arguments because this Court remembers the trial well, and counsel was far from ineffective. As the Government points out, some of the things which Trenton claims trial counsel failed to do were, in fact, done. The evidence against Trenton was overwhelming, and trial counsel performed credibly, competently, and effectively. As this Court noted at the sentencing hearing, Trenton was an unusually difficult and disruptive defendant, and trial counsel performed extremely well under the circumstances. While it is true counsel could have raised a more timely objection to the Government's use of a peremptory challenge pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986), this issue was fully addressed by the Court, and the Court accepted the Government's response to the challenge. Moreover, the Court does not have the slightest idea what Trenton is talking about when he alleges that the remaining African-American juror did the dry cleaning of this District Judge. The Court, like the Assistant United States Attorney, has used the same dry cleaner for years

and never recalls seeing an African-American employee at the business.

Trenton has also not met his heavy burden of demonstrating that appellate counsel was ineffective. In the Seventh Circuit, appellate counsel is ineffective only if "counsel omits (without legitimate strategic purpose) 'a significant and obvious issue,' and [] that omitted issue 'may have resulted in a reversal of the conviction, or an order for a new trial . . . .'" *Mason v. Hanks*, 97 F.3d 887, 893 (7th Cir. 1996), *quoting Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986). Appellate counsel raised twenty-five issues in the brief, including the *Batson* issue mentioned above. The Seventh Circuit agreed with counsel's assessment that there were no non-frivolous issues to pursue on appeal.

Trenton's claims concerning prosecutorial misconduct and vindictive prosecution were not raised on direct appeal. Trenton has failed to show good cause for his procedural default for his failure to raise them and actual prejudice resulting from it. Moreover, the claims are absurd. It appears that Trenton now regrets not taking the Government's offer of a 15-year state sentence for the conduct underlying his conviction in this case. But the Government alleges, and Trenton does not refute, that he never lived up to the conditions precedent in the offer. This Court's failure to consider these issues would certainly not result in a fundamental miscarriage of justice for they, like the other arguments, are simply frivolous.

Finally, the Court notes that the jury returned a special verdict and decided the amount of drugs involved. Thus, Trenton's arguments under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), are without merit.

## CONCLUSION

For the foregoing reasons, the motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED**,

and this action is **DISMISSED with prejudice**.  The Clerk is directed to enter judgment accordingly.

       **IT IS SO ORDERED.**

       DATED:  07/24/06

                                          s/ G. Patrick Murphy
                                          G. PATRICK MURPHY
                                          Chief United States District Judge